UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JEFFREY DELANE BENSON,<br><br>                                    Plaintiff,<br><br>v.<br><br>DR. DENISE BONNETT, R.N. DAVE,<br>BETH DITTMANN, MICHAEL PATTEN,<br>JOANNE BOVEE, JAMES SCHWOCHERT,<br>KAREN GOURLIE, DR. KELLEY,<br>N.P. LUKAS, HSM MCCREEDY,<br>KELLY SALINAS, KEISHA PERRENOUD,<br>CHARLES FACKTOR, MR. FOSTER,<br>CINDY O'DONNELL, N. BOWENS,<br>DR. MURPHY, K. VAN HORN, R.N. SMITH,<br>J. SAIBERLICH, HSM FOSTER,<br>THERESA MURPHY, MR. TESS,<br>JUDY P. SMITH, LON BECHER,<br>DR. JILL M. MIGON, ALAN BURKE,<br>ALLAN MADISON, and JANE/JOHN DOES,<br><br>                                    Defendants. | Case No. 15-CV-513-JPS<br><br><br><br><br><br><br><br><br><br><br><br>ORDER |

The plaintiff, who is incarcerated at Oshkosh Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). On June 10, 2015, this Court granted the plaintiff's motion to proceed *in forma pauperis* and conducted an initial screening of his originally filed complaint. (Docket #8). Due to various deficiencies, the Court directed Plaintiff to file an amended complaint (Docket #8), which he did on July 13, 2015. (Docket #11).

The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the

"prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

As in an originally filed complaint, the Court is required to screen an amended complaint brought by a prisoner seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the

United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Despite the Court's willingness to construe prisoner complaints liberally, it would stretch the bounds of the Federal Rules of Civil Procedure and relevant Seventh Circuit case law to permit the instant action to proceed. While the Court attempted to highlight the deficiencies of plaintiff's originally filed complaint in its June 26, 2015 screening order (Docket #8), the plaintiff's amended complaint advances his case no further. (Docket #11). The amended complaint continues to allege disparate injuries to the plaintiff's back and feet as against over 30 defendants. (Docket #11). These incidents spanned the course of over 2 years, during which time the plaintiff interacted with the named defendants at no less than three correctional facilities. (Docket #11). While plaintiff goes to great lengths to explain what medically transpired during his incarceration at each of the facilities, the unifying thread connecting these people, places, and occurrences is fatally imperceptible. Moreover, while the Court acknowledges the plaintiff's request to consolidate his allegations into a single complaint (Docket #11), the Court cannot, even for *pro se* litigants, disregard both mandates of Federal Rules and the binding law on this Court.

As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits"

so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "a party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

The court finds that the complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants at three separate prisons. The *George* court instructed that such "buckshot complaints" should be "rejected." *Id.* Because this plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims, the court will dismiss the amended complaint submitted on July 13, 2015. (Docket #11). *See Gladney*, 302 F.3d at 774; *House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (*quoting Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)). While this Court takes seriously the command of Federal Rule of Civil Procedure 15 to " freely give leave [to amend] when justice so requires," the Court sees little to no

advancement of this amended complaint from the plaintiff's original filing. In consideration of the efforts that remain to cure these outstanding defects, the Court views it unnecessary to grant further opportunity to amend.

Accordingly,

IT IS ORDERED that this action be and the same is hereby DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g); and

IT IS FURTHER ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

THE COURT FURTHER CERTIFIES that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

The Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of September, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 6 of 6
Case 2:15-cv-00513-JPS   Filed 09/25/15   Page 6 of 6   Document 13